[Cite as *Temple v. Temple*, 2019-Ohio-2901.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MARK T. TEMPLE | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TERESA L. TEMPLE | : | Case No. CT2018-0084 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. DA2018-0025


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        July 15, 2019


APPEARANCES:

For Plaintiff-Appellant

ROSE M. FOX
233 Main Street
Zanesville, OH  43701

For Defendant-Appellee

SUSAN CULTICE BROWN
121 North Fourth Street
P.O. Box 490
Zanesville, OH  43702-0490

*Wise, Earle, J.*

{¶ 1} Plaintiff-Appellant, Mark T. Temple, appeals the November 21, 2018 divorce decree of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division. Defendant-Appellee is Teresa L. Temple.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 10, 2012, appellant and appellee were married. Appellant filed a complaint for divorce on January 11, 2018. Appellee filed an answer and counterclaim for divorce on January 22, 2018. A final hearing was held on September 25, 2018. By judgment entry filed October 24, 2018, the trial court found the parties to be incompatible, separated the parties' marital property which included appellant's 401(k), and ordered appellant to pay appellee spousal support in the amount of $750.00 per month for forty-eight months. The trial court filed a final divorce decree on November 21, 2018,

{¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS IT RELATES TO THE COMPUTATION OF WIFE'S SPOUSAL SUPPORT, AS THE DETERMINATION OF THE AMOUNT AND DURATION OF SPOUSAL SUPPORT FOR WIFE WAS AN ABUSE OF DISCRETION, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND CONTRARY TO LAW."

II

{¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS IT RELATES TO ITS DIVISION OF APPELLANT'S 401K, AS THE DETERMINATION OF

THE AMOUNT DUE TO WIFE WAS AN ABUSE OF DISCRETION, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."

I

{¶ 6}   In his first assignment of error, appellant claims the trial court erred in its computation of spousal support.  Appellant claims the amount and duration is an abuse of discretion, against the manifest weight of the evidence, and contrary to law.  We disagree.

{¶ 7}   We review a spousal support award under an abuse of discretion standard. *Snyder v. Synder*, 5th Dist. Stark No. 2008CA00219, 2009-Ohio-5292.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 8}   We will not reverse a judgment as against the manifest weight of the evidence if it is supported by some competent, credible evidence.  *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179, 972 N.E.2d 517.  In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings.  *Id.*

{¶ 9}   R.C. 3105.18 governs spousal support.  Subsection (C)(1) states the following:

> (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment,

and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the

spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 10} Appellant argues the marriage was only six years and therefore, spousal support should not have been awarded and the four year duration was excessive.

{¶ 11} In its October 24, 2018 judgment entry, the trial court found appellee was sixty-one years old and "generally in good health," and appellant was fifty-three years old and "suffers from diabetes but not to the extent that it interferes with his ability to work."

{¶ 12} The trial court found appellee's primary source of income during the marriage was babysitting however, because she does not have a G.E.D. or an associate's degree, she can no longer be a certified child care provider.  The trial court determined "[w]ith the lack of education and employment experience the Court finds Defendant's future employability is limited and will be no doubt entry level positions at minimum wage for less than forty hours per week."  The trial court found appellant was currently employed earning $25.40 per hour for a forty hour week plus some overtime, with a total income in 2017 of $65,820.00.

{¶ 13} The trial court found "the parties enjoyed a modest middle class lifestyle with all their necessities being met and having excess funds in which to acquire rental properties as investments."

{¶ 14} The trial court noted appellee submitted monthly expenses of $2,693.47, she will be able to pay off her credit card debt from cash she will receive to equalize the distribution of the marital estate, and she "has the ability as set forth above to be employed on a limited basis to generate further income."

{¶ 15} The trial court awarded appellee $750.00 per month for forty-eight months as a "reasonable and appropriate award of spousal support." The trial court retained continuing jurisdiction over the issue.

{¶ 16} The parties have been together for eighteen years, married for four. T. at 64, 84. They adopted two children that are appellant's grandchildren, approximate ages of eight and six at the time of the hearing. T. at 19, 31, 82-83. A shared parenting plan is in place, so appellee is helping to raise and care for these young children. T. at 25, 109, 112. At the time of the hearing, she was sixty-one years old. Her ability to earn an income is limited. T. at 85-86. She was a state certified daycare provider, but was no longer licensed because the parties agreed she would be a full-time mom. T. at 85-86, 119. In order to be recertified, she would need her GED and an associate's degree. T. at 87. A four year spousal award would get appellee to sixty-five years of age.

{¶ 17} Upon review, in light of the factors set forth in R.C. 3105.18(C)(1) and based upon the facts and situation of the parties in this case, we cannot say the trial court abused its discretion in awarding appellee spousal support for four years in the amount of $750.00, or that the decision was against the manifest weight of the evidence.

{¶ 18} Assignment of Error I is denied.

II

{¶ 19} In his second assignment of error, appellant claims the trial court erred in equally dividing his 401(k). Appellant claims the amount awarded to appellee is an abuse of discretion, against the manifest weight of the evidence, and contrary to law. We disagree.

{¶ 20} We review a trial court's property division under an abuse of discretion standard. *Cherry v. Cherry,* 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981); *Blakemore, supra; Eastley, supra.*

{¶ 21} R.C. 3105.171 governs division of marital property. Subsection (C)(1) states: "Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable."

{¶ 22} A trial court assumes that any property acquired during the marriage is marital, unless evidence is offered to rebut that presumption. *Barkley v. Barkley,* 119 Ohio App.3d 155, 160, 694 N.E.2d 989 (1997). A party seeking to have an asset classified as separate property must prove by a preponderance of the evidence that the asset can be traced to separate property. *Taub v. Taub,* 10th Dist. Franklin No. 08AP750, 2009-Ohio-2762, ¶ 28.

{¶ 23} Appellant argues approximately $10,000 in his 401(k) was earned prior to the marriage and therefore, the trial court erred in equally dividing the account.

{¶ 24} In its October 24, 2018 judgment entry, the trial court found appellant's "TransAmerica 401(K) was not valued and therefore the entire balance shall be subject to an appropriate division order assigning fifty percent (50%) of the value to each party." In analyzing a spousal support award, the trial court noted the following as to retirement benefits:

The Court finds that other than the TransAmerica 401(K) Defendant has accumulated no retirement benefits. Since the marriage to Plaintiff would be less than ten years she will not be able to enjoy future social security benefits as a former spouse. There was evidence that she was previously married for a period in excess of ten years and the Court believes but evidence was not presented that she may have the ability to obtain benefits from her prior husband. The only evidence at trial, however, was the possibility of approximately Two Hundred Dollars and Zero Cents ($200.00) per month upon her obtaining full retirement age.

{¶ 25} Appellant testified to his vested balance in his 401(k) ($46,275.40), and claimed "probably somewhere around $10,000" of it was earned prior to the marriage. T. at 48-49. Appellant was unable to obtain a copy of a statement indicating his premarital value in the account. T. at 48. Appellant did not support his claim with any evidence.

{¶ 26} Upon review, we cannot say the trial court abused its discretion in equally dividing appellant's 401(k) or that the decision was against the manifest weight of the evidence.

{¶ 27} Assignment of Error II is denied.

{¶ 28} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, Craig, J. concur.

EEW/db 620